UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ELIZABETH PENDERGAST,**

        **Plaintiff,**

vs.                                                     Case No. 05-C-141

**DEWITT ROSS & STEVENS;**
**MINDY R. BUENGER;**
**BRADLEY C. FULTON;**
**SANDY SWARTZBERG;**
**STEPHEN A. DiTULLIO;**
**E. GREGORY SCALLON;**
**NANCY C. WETTESTEN;**
**ELIZABETH M. WINTERS;**
**JACOB P. WESTERHOF;**
**NANCY SHUE;**
**LATICE M. PINSON;**
**MICHELE PERREAULT; and,**
**MARIAN DEAN;**

        **Defendants.**

## DECISION AND ORDER

*Pro se* plaintiff Elizabeth J. Pendergast ("Pendergast") brings this action against the DeWitt Ross & Stevens law firm ("DeWitt firm"), Mindy R. Buenger ("Buenger"), Bradley C. Fulton ("Fulton"), Sandy Swartzberg ("Swartzberg"), Stephen A. DiTullio ("DiTullio"), E. Gregory Scallon ("Scallon"), Nancy C. Wettesten ("Wettesten"), Elizabeth M. Winters ("Winters"), Jacob P. Westerhof ("Westerhof"), Nancy Shue ("Shue"), Latice M. Pinson

("Pinson"), Michele Perreault ("Perreault"), and Marian Dean ("Dean").[1] She seeks leave to proceed *in forma pauperis* and has filed a motion for appointment of counsel.

Pendergast also seeks reconsideration with respect to this case. However, this is the first decision rendered in this action. Moreover, the tendered information makes no difference in the Court's decision since this matter must be dismissed for lack of subject matter jurisdiction.

Previously, this Court addressed Pendergast's motions for leave to proceed *in forma pauperis* in ten other actions. The Court is obliged to give Pendergast's *pro se* allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In this action, Pendergast states she first hired the DeWitt law firm, specifically Sandy Swartzberg, as her attorney in divorce proceedings. Swartzberg eventually withdrew as her attorney due to a conflict of interest. She states that Swartzberg recommended that Pendergast hire Buenger and Fulton of the DeWitt firm to represent her in a mediation with her former employer, WE Energies. The mediation was unsuccessful. She states that the DeWitt firm and all the attorneys named played a role in discouraging her from filing additional charges against WE Energies with the Equal Employment Opportunities Commission ("EEOC") and discouraging her from filing charges against Pace Union with the EEOC. She alleges that the DeWitt firm with malice and intent made side deals with WE Energies's in-house counsel, Lynn English ("English").

---

[1] Pendergast used this district's *pro se* complaint form which is pre-numbered – pages two and three of the form are not included in the complaint which she filed.

Unlike state courts which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See Baker v. Kingsley*, 387 F.3d 649, 656 (7th Cir. 2004). They may entertain cases only where jurisdiction is authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Thus, the federal courts are "always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prod. Co.*, 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation and internal marks omitted). "The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).

The Court's jurisdiction may be invoked under 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It may also be invoked under 28 U.S.C. § 1332, which establishes the Court's jurisdiction in matters of diversity jurisdiction. In order for diversity jurisdiction to lie with the federal courts, two requirements must be met: (1) there must be complete diversity of citizenship between all plaintiffs and all defendants; and (2) "the proper amount in controversy" (currently $75,000) must be sufficiently alleged. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000).

As noted in Case Nos. 05-C-0072, 05-C-0074 and 05-C-140, Pendergast, a citizen of Wisconsin, has brought this action against defendants who are also citizens of Wisconsin. Because Pendergast and the defendants are citizens of the same state, the Court does not have diversity jurisdiction. Furthermore, despite liberally construing the factual statements and

–3–
Case 2:05-cv-00141-RTR    Filed 05/02/05    Page 3 of 4    Document 6

allegations in her complaint, Pendergast has not alleged an arguable claim for relief which arises under the federal statutes or the Constitution. Therefore, this action is dismissed for lack of subject matter jurisdiction. Since the Court lacks subject matter jurisdiction over this action, Pendergast's request for leave to proceed *in forma pauperis* and motion for appointment of counsel in this action are dismissed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

This action is **DISMISSED** for lack of subject matter jurisdiction;

Pendergast's request for leave to proceed *in forma pauperis* and motion for appointment of counsel are **DISMISSED**; and,

The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 2nd day of May, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**